IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RAMON A. THOMPSON, | Case No. 1:24-cv-01665 |
| | 1:22-cr-420 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| UNITED STATES OF AMERICA, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Petitioner Ramon A. Thompson's ("Petitioner" or "Thompson") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed on September 26, 2024 ("Petitioner's Motion"). (Doc. No. 43.) On October 25, 2024, the United States of America filed the Government's Response in Opposition to Petitioner's Motion ("the Government's Response"). (Doc. No. 44.) Any reply by Thompson was due to be filed by November 8, 2024, but none was filed. Accordingly, Petitioner's Motion is ripe for a decision.

**Background**

The Court has reviewed the summary of the pertinent parts of the record set forth in the "**STATEMENT OF THE CASE AND FACTS**" section of the Government's Response, and it is accurate. To briefly summarize, on July 27, 2022, Thompson was charged with Felon in Possession of a Firearm and Ammunition, and Possession with Intent to Distribute Controlled Substances. Pending trial, and specifically on September 21, 2022, Thompson was released on bond, with conditions, but on June 9, 2022, he was arrested for driving under the influence and possessing narcotics and was held on those charges in the Lake County Jail. Thompson pleaded guilty to a felony possession of drugs offense and was sentenced to 9 months of imprisonment on August 16, 2022.

The Government sought, and was granted, a writ to remove him from state to federal custody and on October 30, 2022, Thompson plead guilty to the two counts of the indictment and was sentenced to a term of 72 months imprisonment on each count, to run consecutive to the time imposed by the state court, and 3 years of supervised release following imprisonment. Thompson did not appeal his sentence. The record reflects that Thompson never challenged this Court's jurisdiction at any time prior to sentencing.

### Analysis

In Petitioner's Motion, Thompson asserts the following. "Trial Court's sentencing judgment filed 2-28-24 is null and void. Petitioner was unlawfully before the Court. Trial Court Failed to re-establish lawful custody of petitioner upon his release on bond on Sept. 21, 2022." (Doc. No. 43, PageID # 167-180.) Specifically, Thompson alleges that the Court lacked authority to detain him because "no arrest procedure occurred" on the bond violation. (*Id.*, PageID # 171.) Thompson does not cite any authority in support thereof.

In the Government's Response, the Government correctly sets forth the four grounds upon which a federal prisoner may base a claim for relief pursuant to Title 28, U.S.C. § 2255,[1] and submits that Thompson has failed to meet any of them, requiring denial of Petitioner's Motion. The Government cites *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003), where the Court explained "Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence." The Government also

---

[1] These four grounds are: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962).

2

correctly cites *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013), for its assertion that "conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." Generally, the Government argues that this Court had personal and subject matter jurisdiction over Thompson and therefore, Defendant's Motion should be denied without a hearing. The Court agrees.

"Subject-matter jurisdiction is furnished by 18 U.S.C. § 3231, which covers all criminal prosecutions under the United States Code." *United States v. Amir*, No. 1:10CR439, 2010 WL 5014451, at *1, quoting *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005). *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Titterington*, 374 F.3d 453, 458-59 (6th Cir. 2004). These offenses include the offenses with which the government charged Thompson in the indictment. (Doc. No. 1.) "The fact that 'Article III [of the United States Constitution] permits Congress to assign federal criminal prosecution of [violations of federal offenses] is 'the beginning and the end of the 'jurisdictional' inquiry.' *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).'" *Amir*, 2010 WL 5014451, at *1.

"Personal jurisdiction is supplied by the fact that [Thompson was] within the territory of the United States." *Burke*, 425 F.3d at 408. *See Marks*, 530 F.3d at 810; and *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991). Having appeared before the Court on a federal indictment charging him with violations of federal law, this Court had personal jurisdiction over Thompson.

The Court rejects Thompson's argument that this Court lost jurisdiction of him when he was released on bond as being without merit. Moreover, Thompson did not raise the issue of lack of jurisdiction and therefore, he waived it because he has not shown both cause and actual prejudice. *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000).

Because the record does conclusively show that he is not entitled to relief, Thompson is not entitled to a hearing. *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003). Accordingly, Petitioner's Motion is DENIED.

**IT IS SO ORDERED.**

Date: November 13, 2024

  s/Pamela A. Barker  
PAMELA A. BARKER  
U. S. DISTRICT JUDGE